UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

03 MAY -9 PM 4:51

| | |
|---|---|
| UNITED STATES of AMERICA, <u>ex rel.</u> <br> CURTIS J. LUSBY <br>     Plaintiff, <br><br> v. <br><br> ROLLS-ROYCE CORPORATION, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) CAUSE NO: <br> ) <br> ) 1: 03-CV- 0680 JDT - WTL <br> ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Curtis J. Lusby, (hereinafter "Lusby"), by counsel, on behalf of the Government of the United States of America, for its cause of action against Defendant, Rolls-Royce Corporation (hereinafter "Defendant"), alleges and states as follows:

### NATURE OF COMPLAINT

1. This *qui' tam* action is brought against Defendant for violating the False Claims Act.

### PARTIES

2. Lusby brings this action under 31 U.S.C. § 3730 (b) on behalf of the Government of the United States of America.

3. Lusby resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

4. Defendant, Rolls-Royce Corporation, is a corporation doing business within the Southern District of Indiana.



## JURISDICTION AND VENUE

5. Lusby brings this action under the False Claims Act, 31 U.S.C. § 3729 et seq.

6. Jurisdiction is conferred on this court by 28 U.S.C. §1331; 28 U.S.C. §1367; and 31 U.S.C. § 3732(a).

7. All events, transactions, and occurrences relevant to this lawsuit have arisen within the geographical environs of the Southern District of Indiana, and therefore venue is proper in this Court.

## FACTUAL ALLEGATIONS

8. On or about August 3, 1992, Lusby began working for Allison Gas Turbine Division of General Motors as a temporary contract employee.

9. In or about December, 1993, Allison Gas Turbine Division became the Allison Engine Company. In or about March, 1995, Defendant purchased Allison Engine Company.

10. On or about August 12, 1996, Defendant hired Lusby as a Senior Project Engineer in the Engineering Department. At all times relevant, Lusby met or exceeded Defendant's legitimate performance expectations.

11. At all times relevant to this action, Lusby worked in a position that allowed him to have personal knowledge of design features, manufacturing methodology, and quality issues associated with the final production and inspection of turbine blades, turbine nozzles, and critical parts to turbine engines that were sold to the United States Government.

12. Lusby's review, along with Andrew Stovall's (a design engineer), of the manufacturing methodology and quality systems used in making turbine engine blades, as well

as other critical engine parts, revealed serious violations (related to aircraft safety) of the engineering specifications to which the parts were manufactured. Specifically, the finished turbine blades, as well as other critical parts, did not meet the engineering specifications that the Government had ordered.

13. The turbine blades, because they did not comply with the specifications, should have been rejected and never sold. Instead, Defendant used improper inspection methods to certify compliance with the specifications. One type of improper manufacturing method the Defendant used involved hand polishing the finished blade attachment to pass a "tip shake" inspection that was a specification requirement. Since the attachment could not be polished evenly by hand, the form of the attachment would be typically altered so as not to meet design specifications. The breakdown in the attachment profile can cause excessive localized stresses in a turbine wheel during engine operation. Thousands of parts with this type of defect were sold to the Government and may still exist in current spare parts inventories. At the time the blades were sold and/or used in the turbine engines, they were defective.

14. The Defendant's practice of polishing the blade attachments can cause turbine wheel failures during engine operation (turbine disk explosion). Generally, a turbine disk failure (explosion) during engine operation cannot be contained within the engine, resulting in uncontained fragments striking aircraft flight critical components or structures.

15. In addition to polishing the blade attachments, Defendant had another improper manufacturing and inspection method that resulted in defective blades that did not meet Government specifications. This problem relates to improper location of the blade's casting features to the machined features. The mismatch of these features in a blade can also result in

over-stressing the turbine wheel to which it is attached, during operation, resulting in uncontained fragments striking aircraft flight critical components or structures.

16. In addition to turbine blade defects, Defendant also sold turbine nozzles to the Government that did not meet design specifications. The Defendant's manufacturing methods ignored the datum system specified by Defendant's engineering prints to locate the casting for machining purposes. The result of this practice was that the nozzles did not meet specifications. As a result, the defective nozzles seriously affected the product's performance.

17. Despite blatant defects in the blades and nozzles, Defendant sold them the U.S. Government, who, in turn, used them primarily in the C-130, P-3 Orion, and C-4 Hawkeye engines. In addition, the Government also re-sold these parts to friendly foreign governments for use in the same aircraft.

18. On or about June 26, 2001, Lusby contacted Defendant's Executive Vice-President of Business Operation and expressed his honest beliefs and concerns about the quality of Defendant's products. In particular, Lusby informed the Executive Vice-President of Business Operations that Defendant was knowingly manufacturing and selling defective parts to the government.

19. On or about November 1, 2001 Defendant terminated Lusby, claiming a reduction in force.

### COUNT I: VIOLATION OF THE FALSE CLAIMS ACT

20. Plaintiff hereby incorporates by reference paragraphs one (1) through nineteen (19) of his complaint as if the same were set forth at length herein.

21. As part of Defendant's regular practice and procedure, Defendant knowingly

manufactured and sold parts to the United States Government that did not meet required specifications.

22. The United States Government routinely paid Defendant's for the aforementioned parts in reliance on Defendant's assurances that the parts met all required specifications.

23. Defendant's actions are in violation of 31 U.S.C. § 3729 (a) 1.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Curtis J. Lusby, by counsel, and on behalf of the United States of America, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions; or award Plaintiff that pay in lieu thereof;

2. Enjoin Defendant from any further violations of the False Claims Act, 31 U.S.C. § 3729 et seq;

3. Pay liquidated damages in the amount of two times the amount of Plaintiff's lost wages plus interest;

4. Pay to Plaintiff compensatory damages;

5. Pay to Plaintiff pre- and post-judgement interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action;

7. Pay to Plaintiff punitive damages; and

8. Award to Plaintiff any and all other legal and/or equitable relief that this court deems proper.

Respectfully submitted,

*[signature]*

John H. Haskin (7576-49)
Mickey J. Lee (22446-49)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, Indiana 46204
(317) 955-9500

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Curtis J. Lusby, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully Submitted,

*[signature]*

John H. Haskin
Mickey J. Lee
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, Indiana 46204

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document has been served this _8TH_ day of May, 2003, via United States Mail, first-class, postage prepaid and properly addressed to the following agencies of the United States Government:

**TO:**

    Susan W. Brooks
    United States Attorney
    Southern District of Indiana
    10 West Market Street, Ste 2100,
    Indianapolis, IN 46204-3048

    John Ashcroft
    United States Attorney General
    5111 Main Justice Building
    10th Street & Constitution Avenue, N.W.
    Washington, D.C. 20530

_[signature]_