UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| CURTIS J. LUSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:03-cv-680-SEB-WGH |
| | ) | |
| ROLLS-ROYCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON RELATOR'S MOTION TO COMPEL DISCOVERY
(DOCKET NO. 167) and ROLLS-ROYCE CORPORATION'S
MOTION FOR PROTECTIVE ORDER (DOCKET NO. 169)**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Relator Curtis J. Lusby's Expedited Motion to Compel Discovery filed May 21, 2010. (Docket Nos. 167-68). Defendant, Rolls-Royce Corporation, filed a Motion for Protective Order and Response to Relator's Motion to Compel Discovery on June 4, 2010. (Docket Nos. 169-70). Relator filed a Reply in Support of His Motion to Compel Discovery on June 11, 2010. (Docket Nos. 171-72). Relator filed an Opposition to Defendant's Motion for Protective Order on June 21, 2010. (Docket No. 173).

The Magistrate Judge, being duly advised, now **GRANTS** each motion, in part, and **DENIES** each motion, in part, as follows:

1. With respect to the Motion to Compel Rolls-Royce to comply with FED.R.CIV.P. 26(a)(1), the Magistrate Judge concludes that the disclosure is

proper at this time as to individuals likely to have discoverable information, and as to § 4 concerning insurance.  Rolls-Royce's disclosure is not in compliance with the requirements of that rule as to categories and location of documents, data compilations, and tangible things; nor to the damages claimed by Rolls-Royce.  Therefore, the Motion to Compel in this regard is **GRANTED.**  Rolls-Royce is directed to identify relevant documents with considerably more specificity than is currently provided.  For example, the parties discussed "Authorized Engineering Memorandums," "DD250," Technical Assistance Report  ("TAR"), and the like.  While it is clear that Rolls-Royce need not identify every single possible relevant category of documents, it must disclose with much greater specificity the categories of documents that allow the parties to develop a vocabulary of appropriate documents which may be relevant to the issue before the court.

The amendments to the 26(a)(1) disclosures should be completed on or before twenty (20) days from the date of this order.

2.  As described earlier by Judge Barker (*see* Docket No. 88, p. 10), a *qui tam* action requires the pleading of specific claims of fraud based upon "personal, direct, and independent knowledge of the substantive facts regarding these events."  A *qui tam* action may not be used as a vehicle to allow wide-ranging discovery outside the scope of that necessary to prove the allegations made upon personal, direct, and independent knowledge.  In this case, the Magistrate Judge concludes that until liability for some actions has been supported by specific, detailed statements by the relator, the proper scope of discovery in this case ends

at the time Mr. Lusby left the employment and no longer has personal, direct, and independent knowledge of the substantive events.  Relator's request for discovery beyond December 2001 is **DENIED.**

The Magistrate Judge concludes that the appropriate commencement date for the discovery period should be January 1, 1994.  That period is selected because the damages claimed in the Complaint commence in 1996.  Discovery of events for a brief period of time prior to 1996 may be necessary to discover documents and orders relevant to damage allegedly accrued beginning in 1996.

3.  It is not uncommon in the Magistrate Judge's experience for parties to contend that data provided on electronic media cannot be easily searched. Efforts to arrange the production as reflected in Exhibit 5 (the letter of April 21, 2010) constitute a reasonable response to the relator's request.  If the relator is unable to read the CDs provided, the parties are encouraged to have technical experts from each side confer to determine if there is a way to assess technological differences between systems that can reasonably, quickly cure problems with reading the CDs provided.  The motion to compel a more proper format is **DENIED.**

4.  Relator's request that Rolls-Royce be required to produce documents responsive to relator's modified first request for production of documents, as clarified, is **DENIED** at this time.  The purported clarifications may constitute new and different requests than those originally served.  The Magistrate Judge is unable to determine whether those clarifications would cause the defendant to

respond to more requests for production that have previously been allowed in the
Case Management Plan at this time. If relator feels that these clarified requests
for production may be recast as additional requests for production within the
number previously allowed by this court, they may resubmit those requests for
production up to the limit previously established, or that may be agreed upon by
Rolls-Royce.

**SO ORDERED.**

**Dated:** July 12, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Michael R. Brunelle
BARNES & THORNBURG LLP
mbrunelle@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Edward A. McConwell Sr.
MCCONWELL LAW OFFICES
ed@mcconwell.com

Koryn Michelle McHone
BARNES & THORNBURG LLP
kmchone@btlaw.com

Peter Abernethy Morse Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Joseph Striewe
joestriewe@striewelaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com