UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CURTIS J. LUSBY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:03-cv-680-SEB-WGH |
| ROLLS-ROYCE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**ENTRY ON ROLLS-ROYCE'S MOTION TO COMPEL RELATOR
TO ANSWER CONTENTION INTERROGATORY NOS. 9 AND 10
AND TO ENFORCE THE COURT'S JUNE 14, 20011 ORDER**

**I.  Introduction**

This matter is before the court on Rolls-Royce's Motion to Compel Relator to Answer Contention Interrogatory Nos. 9 and 10 and to Enforce the Court's June 14, 2011 Order ("Defendant's Motion to Compel") filed August 9, 2011. (Docket Nos. 243-45).  Relator filed his Response on August 23, 2011.  (Docket No. 249).  Defendant filed a Reply Brief on August 29, 2011.  (Docket No. 251).

**II.  Background**

This is a qui tam suit in which Relator, Curtis Lusby, claims that Defendant knowingly presented, or caused to be presented, to an officer or employee of the United States Government false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729.  Defendant served Relator

with its Third Set of Interrogatories, which included Interrogatory Nos. 9 and 10, seeking "the factual basis for Relator's assertions that Rolls-Royce submitted false claims to the Government." (Brief in Support of Defendants' Motion to Compel at 1). Defendant contends that Relator's responses to these discovery requests are inadequate. In an attempt to resolve the parties' discovery dispute, they engaged in informal discussions, and there was eventually a conference with this Magistrate Judge in which the parties made an attempt to resolve this discovery dispute as required by Local Rule 37.1. On June 14, 2011, this Magistrate Judge issued an Order concerning numerous discovery disputes, but noted that he

> was not able to resolve issues arising out of answers to certain contention interrogatories. The Magistrate Judge did advise that specific answers to such interrogatories are generally required. However, parties are not generally required to provide Bates Stamp numbers for particular pieces of evidence which support the answer. To the extent that the Plaintiff alleges that particular pieces of evidence were falsely presented for payment, those items should be identified by Bates Stamp numbers.

(Docket No. 224 at 3). After the conference with the Magistrate Judge, Relator served Defendant with Amended Answers to Interrogatory Nos. 9 and 10, which Defendant alleges were inadequate. Defendant then filed the Motion to Compel at issue here seeking: (1) that Relator answer Interrogatory No. 9 by identifying all false claims presented by Defendant and by explaining why they are false claims and how Defendant knew they were false claims; and (2) that Relator answer Interrogatory No. 10 by identifying every nonconforming part.

<h3 style="text-align:center">III.  Analysis</h3>

Rule 26(b)(1) of the Federal Rules of Civil Procedure explains:  "Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, one form of discovery that a party may seek can be through interrogatories served on an opposing party.  "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  FED. R. CIV. P. 33(a)(2).

As a means of enforcement of these rules, Rule 37 permits a party seeking the discovery to move the court to compel a response from the party who has failed to respond to such discovery requests.  Furthermore, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(4).

In this case, what Defendant alleges that it is seeking is a response to contention interrogatories.  Defendant's Third Set of Interrogatories includes the following two relevant contention interrogatories:

> **Interrogatory No. 9:**
>
> Provide a complete description of every alleged claim, record, statement, representation, act or omission that you contend constitutes a violation of the False Claims Act by describing, for each such alleged violation, your complete factual basis for believing that

the claim, record, statement, representation, act or omission violated the False Claims Act; identifying the date of each such alleged violation; identifying each fact and document relevant to each such alleged violation; and identifying each fact and document that you contend demonstrates that Rolls- Royce had the requisite intent, as defined in the False Claims Act at 31 U.S.C. § 3729(b), at the time that the alleged claim, record, statement or representation was made or the alleged act or omission occurred.

**Interrogatory No. 10:**

Provide a complete description of the parts or products affected by each alleged violation identified in your response to Interrogatory No. 9, including by:
- Separately identifying every affected part or product by its part or product number and when it was manufactured;
- Identifying for each part and product the alleged nonconformity relating to the part or product;
- Stating how the alleged nonconformity in the part or product resulted from one or more of the specific alleged violation(s) identified in Interrogatory No. 9;
- Identifying the contract that the part or product was sold or provided under;
- Identifying the date on which the part or product was sold or provided to the Government, or at the Government's direction, and each DD-250 and each invoice that accompanied each such sale;
- Identifying the date that the Government paid for the part or product and how much;
- Identifying the date on which the alleged false claim, record, statement, representation, act or omission occurred;
- Identifying each person who has knowledge of the alleged violation, including who in the Government received the alleged false claim, representation, certification, record, statement, or document; and
- Identifying each fact and document purportedly demonstrating the alleged false claim, representation, certification, record, statement, or document was material to the Government's decision to pay.

(Defendant's Brief in Support of Motion to Compel at Ex. 1).

"Opinion and contention interrogatories are used routinely." FED. R. CIV. P. 33 Advisory Committee's Notes (2007 Amendment). The Seventh Circuit permits the use of contention interrogatories to "smoke out" what exactly a plaintiff is claiming or stands to recover. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). "The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position." *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 187808 at *2 (N.D.Ind., 2009). However, judicial economy and fairness dictates that parties should not be compelled to prematurely take a position, which would force an artificial narrowing of the issues, instead of an informed paring down. *Ziemack v. Centel Corp.*, 1995 WL 729295 at *2 n.3 (N.D.Ill., 1995). Furthermore, while contention interrogatories should not seek pure legal conclusions, they may be used to ferret out a party's legal theories. *Tragoszanos v. City of Algoma*, 2011 WL 2650852 at *1 (E.D.Wis., 2011).

### A. Interrogatory No. 9

Defendant, in its Reply Brief, now concedes that Relator has provided a list of the particular claims it alleges to be false. These claims are found in the "new version" of Exhibit A to Relator's Answers to Defendant's Third Set of Interrogatories. However, Defendant now additionally seeks an order from this Magistrate Judge to "preclude Relator from alleging that Rolls-Royce made any false claims other than those specifically identified by Bates number in Exhibit A." (Reply Brief at 4). Pursuant to Docket No. 234, discovery is to be completed

by September 1, 2011.  Given that deadline, any *formal* supplementation of answers to interrogatories which are mandated by information obtained from other sources, such as depositions or subpoenas, must be done shortly after September 1.  If any other claims not encompassed within Exhibit A exist, they must be identified by specific reference to Bates-stamped documents within fifteen (15) days of the date of this Order.

Furthermore, Defendant seeks an order instructing Relator to explain *why* a particular claim is false and *how* Defendant knew each claim was false at the time it was made.  Relator argues that it has, in fact, explained why the claims were false and how Defendant knew of their falsity.  Specifically, Relator asserts that ISO 9000 is the quality assurance standard that Defendant has indicated that it adheres to on "each and every certificate of conformance accompanying shipments and invoices associated with contracts F34601-95-G-0012, F34601-98-G-0011, F34601-01-D-0155."  (Relator Curtis Lusby's Opposition to Defendant's Motion to Compel at 6-7).  Relator explains that the language from the certificates of conformance was included in the Answers to Defendant's Third Set of Interrogatories.  Relator further states:

> The objective evidence cited demonstrates that RR's manufacturing and inspection processes do not comply, that its management was aware of the shortfalls, and that same management took ineffective or no action to correct the problems or prevent their recurrence. Nevertheless, each and every certificate of conformance stated that shipment conformed to requirements.

(*Id.* at 7).

Relator's Answer, in this instance, is simply too conclusory and fails to state, with reasonable particularity, which witnesses or evidence establish the important element of a qui tam claim – that the false claims were "knowingly" presented. Additionally, more specific identification of what witnesses and/or what documents address the "intent" portion of the claims is required.

### B. Interrogatory No. 10

In Interrogatory No. 10, Defendant seeks a response from Relator that identifies all nonconforming parts that were sold under false claims and why those particular parts were nonconforming. In response, Relator claims that it has complied with the request:

> DD-250s and commercial invoices identified by the Relator include: contract numbers, date shipped, payor, destination, CLIN, part number, quantity, unit/extended price, and certificate of conformance. This information, coupled with numerous examples of nonconformances and the fact that Relator has consistently complained of systemic problems that regularly result in nonconforming parts, fully and nonevasively responds to the interrogatory.

(Response to Defendant's Motion to Compel at 13).

The purpose of the discovery rules is to bring to light the parties' positions in an "informed" and controlled manner that winnows down the resolution of a dispute by identifying those facts that are clearly in dispute and those legal theories that are being debated. The discovery process is meant to do so – as Rule 1 of the Federal Rules of Civil Procedure provides – as justly, quickly, and inexpensively as possible. Trial "by ambush" is to be avoided where possible.

The Answer to Interrogatory No. 10 is simply too evasive to be helpful to the resolution of the dispute. It does not in any manner assist in "paring down" what pieces of evidence are relevant to particular claims. An attorney who is faced with "contention" type discovery must identify the witnesses and documents he/she has marshaled in a way to support his/her client's position and to help illuminate the issues to be resolved as the responses and answers are due.

Relator is ordered to *identify* all documents and witnesses that he intends to use at trial to support his claims and state with specificity (and hopefully pare down) which part numbers are alleged to be nonconforming. The identification of documents which establish that particular parts are nonconforming needs to be reasonably specific – at least by Bates stamp number – though it does not require Relator to explain *how* or *why* said document supports the claim that a particular part is nonconforming.

### IV.  Conclusion

For the reasons outlined above, the Defendant's Motion to Compel is **GRANTED.**  Supplementation of answers required by this Order should be completed within fifteen (15) days of the date of this Order.

**SO ORDERED.**

**Dated:**  September 20, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Michael R. Brunelle
BARNES & THORNBURG LLP
mbrunelle@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Edward A. McConwell Sr.
MCCONWELL LAW OFFICES
ed@mcconwell.com

Koryn Michelle McHone
BARNES & THORNBURG LLP
kmchone@btlaw.com

Peter Abernethy Morse Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Charles W. Ryan III
DOMBROFF GILMORE JAQUES & FRENCH, P.C.
cryan@dglitigators.com

Joseph Striewe
joestriewe@striewelaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com

Judy L. Woods
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
jwoods@beneschlaw.com