UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CURTIS J. LUSBY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:03-cv-680-SEB-WGH |
| ROLLS-ROYCE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR SUBPOENA DUCES TECUM**

This matter is before the court on Relator's Motion for Subpoena Duces Tecum filed August 23, 2011. (Docket Nos. 247, 252). The United State of America filed a Statement of Interest on September 16, 2011. (Docket No. 257). Relator filed a Reply on September 23, 2011. (Docket No. 260).

This is a qui tam suit in which Relator, Curtis Lusby, claims that Defendant knowingly presented, or caused to be presented, to an officer or employee of the United States Government false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729. In an attempt to discover the extent to which nonconforming parts were shipped to the United States Government, Relator sent a request to the United States Air Force seeking documents relating to the alleged nonconforming parts pursuant to *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). After the

United States allegedly failed to satisfy a portion of Relator's *Touhy* request, Relator filed the instant Motion for Subpoena Duces Tecum. The portion of the *Touhy* request which remains at issue is Relator's request that the United States provide:

> Reviews, records, studies, investigations related to T56 turbine section blades, vanes, and wheels conducted pursuant to failures or deficiencies revealed during receipt inspection, maintenance and/or operation of C-130 aircraft . . . .

(*See* United States' Statement of Interest at 1).

An analysis of this issue begins with the seminal case of *Touhy*, in which the Supreme Court held that subordinate federal officials may not be held in contempt when they do not comply with a court order that would have forced them to violate a valid federal regulation. *Touhy*, 340 U.S. at 467–68. Federal employees, therefore, cannot be compelled to obey a subpoena, "even a federal subpoena," that acts against valid agency regulations. *Edwards v. U.S. Dep't. of Justice*, 43 F.3d 312, 317 (7th Cir. 1994). Although Relator argues that "[a] Subpoena Duces Tecum is the correct method to effect production, rather than a prolonged administrative process not in accordance with DOD Directive 5405.2" (Reply at 6), he cites to no authority for that proposition. In the Seventh Circuit, at least, "[t]he proper method for judicial review of an agency decision pursuant to valid agency regulations is through the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*" *Edwards*, 43 F.3d at 315. In *Edwards*, a district court did proceed to address the propriety of a subpoena issued by a state court. But that

decision was only reviewed after "the parties and the district court . . . agreed to recast the Federal proceeding as an APA claim." *Id.* at 314.

Although, in the interests of expediting this already eight-year-old case, it would be commendable for the parties to agree to so "recast" this dispute, the briefs before the Magistrate Judge do not do so. The only other case found by this Magistrate Judge from this circuit that addresses the issue is *U.S. ex rel. Lamers v. City of Green Bay, Wis.*, 924 F.Supp. 96, 97-98 (E.D.Wis. 1996). The court in that case concluded that a similar subpoena must be quashed, even when the United States had declined to intervene in the case. *Lamers*, 924 F.Supp. at 97.

Relator argues that this court previously approved its request for the issuance of a subpoena. (Docket No. 204). However, that subpoena was "held in abeyance" pending the United States Air Force's response to the *Touhy* request. (Reply Brief at 6). This Magistrate Judge construes the United States' Statement of Interest as both a response to Relator's Motion for Subpoena Duces Tecum (Docket No. 247) as well as a Motion to Quash any prior subpoena that may have been approved by the Magistrate Judge.

As Relator points out, the Second Circuit has concluded that a separate independent action specifically brought under the APA is not always required and that a motion to compel in a related lawsuit allows a district court to determine whether an agency's action in withholding documents was a violation

of the APA. *U.S. E.P.A. v. General Elec. Co.,* 197 F.3d 592, 600 (2d Cir. 1999). In this case, the United States argues in its Statement of Interest that the Air Force acted reasonably, and that its decision is entitled to deference. (Statement of Interest at 6-9). It could be argued that, by doing so, the United States has essentially – though not formally – agreed to "recast" the Motion for Subpoena Duces Tecum into a direct action under the APA.

Although it is not at all clear that the United States has "recast" the issue, an examination of the standards for reviewing a claim under the APA is in order. As the United States has argued:

> In reviewing Relator's claim under the APA, courts must defer to the agency unless the claimant establishes, based solely on the agency record, that the agency's decision to withhold the requested testimony or documents was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Anderson v. U.S. Dep't of Labor,* 422 F.3d 1155, 1173 (10th Cir. 2005) (quoting 5 U.S.C. § 706).
>
> In this context, an agency's review of a *Touhy* request "is essentially a policy decision about the best use of the agency's resources." *Comsat v. NSF*, 190 F.3d at 278. Courts have stated that, where, as here, the agency's regulations "vest the agency with rather broad discretion, our scope of review is severely limited." *Davis Enter. v. EPA,* 877 F.2d 1181, 1186 (3rd Cir. 1989) (internal quotations and citations omitted). In such cases, courts are thus "only free to determine whether the agency followed its own guidelines or committed a clear error of judgment." *Id.* Courts thus affirm an agency's decision where the agency recognized and applied factors set forth in its *Touhy* regulations. *Id.*; *see also Comsat v. NSF,* 190 F.3d at 277.

(Statement of Interest at 9).

At this time, the Statement of Francisco Gonzales, Jr., indicates the United States Air Force's reasoning as follows:

> In my capacity as the Attorney Advisor for AFSC/JA, I have reviewed the Touhy document production request from Relator's Counsel (Attachment 01).  The item A request is for "Reviews, records, studies, investigations related to T56 turbine section blades, vanes, and wheels conducted pursuant to failures or deficiencies revealed during receipt inspection, maintenance and/or operation of C-130 aircraft."  If AFSC has any responsive documents they would only be related to failures occurring during the operation of C-130 aircraft.
>
> An exhaustive search of our records for engine mishaps that reference the T56 engine reveals 498 mishaps for the period of 1994 thru 2011.  The subject records are determined to be privileged and therefore exempt from release.
>
> Safety investigation boards' findings, analysis and recommendations are exempt from disclosure under the United States Code, Title 5, Section 552(b)(5) and Department of Defense Regulation 5400.7-R Air Force Manual C3.2.1.6.  These records are not routinely available by law to a party in litigation with the government.  Release of this information would jeopardize a significant government interest by inhibiting its ability to conduct future safety investigations and would have a stifling effect on the deliberative process of Air Force officials.  Board members are promised that the information they furnish will be held in confidence and will not be used for any purpose other than mishap prevention.  By doing this, we provide an atmosphere in which our investigators can thoroughly explore and analyze all available information before making their determinations.  This process is essential to an effective mishap prevention program.
>
> The chilling effect of disclosing confidential analyses and witness statements would greatly inhibit the ability of the Air Force to gather and evaluate safety information, would result in the increased loss of aircraft and crewmembers, and ultimately have a detrimental effect on national security.
>
> In addition to the federal law and regulations cited above, federal case law clearly establishes the DoD's privilege against release of certain information obtained through the safety investigation

> process. *See Machin v. Zuckert*, 316 F.2d 336 (D.C. Cir.), *cert. denied* 375 U.S. 896 (1963); *United States v. Weber Aircraft Corp.*, 465 U.S. 792 (1984); and *Badhwar v. U.S. Department of the Air Force,* 829 F.2d 182 (D.C. Cir., 1987).

(*See* Statement of Interest at Ex. 1). The Magistrate Judge concludes that the reasoning of the United States Air Force in declining to provide the information was not arbitrary and capricious, nor was it an abuse of discretion or contrary to law. Therefore, even if this matter was "recast" as a claim under the APA, the decision to withhold the information would be upheld.

For these reasons, the Motion for Subpoena Duces Tecum is **DENIED.**

**SO ORDERED.**

**Dated:** October 14, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Michael R. Brunelle
BARNES & THORNBURG LLP
mbrunelle@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Edward A. McConwell Sr.
MCCONWELL LAW OFFICES
ed@mcconwell.com

Koryn Michelle McHone
BARNES & THORNBURG LLP
kmchone@btlaw.com

Peter Abernethy Morse Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Charles W. Ryan III
DOMBROFF GILMORE JAQUES & FRENCH, P.C.
cryan@dglitigators.com

Joseph Striewe
joestriewe@striewelaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com

Judy L. Woods
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
jwoods@beneschlaw.com