UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CURTIS J. LUSBY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:03-cv-680-SEB-WGH |
| ROLLS-ROYCE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

# ORDER ON MOTION TO COMPEL RULE 30(b)(6) DISCOVERY AND FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Relator Curtis J. Lusby's Motion to Compel Rule 30(b)(6) Discovery and Fourth Request for Production of Documents filed on October 6, 2011. (Docket Nos. 267-68). Defendant filed its Response in Opposition on October 24, 2011. (Docket No. 289). Relator's Reply was filed on October 31, 2011. (Docket No. 294).

On April 21, 2011, Relator served Defendant with a Notice to Take Videotaped Rule 30(b)(6) Deposition. (Memorandum in Support of Motion to Compel at Ex. 1). The Notice included a Request for Production of Documents entitled "30(b)(6) Documents to be Produced." (*Id.*). Additionally, on April 29, 2011, Relator served a Fourth Request for Production of Documents seeking 12 separate categories of documents. (*Id.* at Ex. 3).

On May 9, 2011, Defendant served upon Relator its Objections to Relator's Notice of Deposition. (Response in Opposition to Relator's Motion to Compel at Ex. 1). Then, on May 31, 2011, Defendant served upon Relator its Response to Relator's Fourth Request for Production of Documents. (*Id.* at Ex. 2). In both of these documents, Defendant informed Relator that it was objecting to any more document production (except to the extent the documents were relied upon by a 30(b)(6) witness) because Relator's latest requests exceeded a previously imposed court limit of 40 separate document requests.[1] (*Id.* at Exs. 1, 2). For example, in its Objections to Relator's Notice of Deposition, Defendant indicated that:

> At Relator's request, the Court limited the number of requests in this case to no more than forty (40) per side. See Dkt. 158, Order at ¶ 3. Relator previously served more than forty (40) requests and has not sought leave of Court to serve additional requests. Consequently, the requests set forth in Exhibit B are contrary to Court Order and no response is required.

(*Id.* at Ex. 1, p. 2). And, in its Response to Relator's Fourth Request for Production of Documents, Defendant explained that:

> Relator previously served 62 requests for production in this lawsuit. Consequently, this request exceeds the permissible number of requests (40) provided in the Court's Order dated March 4, 2010 (Dkt. 158 at ¶ 3) and confirmed in the Court's Order dated July 12, 2010 (Dkt. 179 at ¶ 4).

(*Id.* at Ex. 2, p. 3).

---

[1] On March 4, 2010, the Magistrate Judge issued an Order setting a presumptive limit of 40 requests for production of documents. (Docket No. 158). In a subsequent Order, the Magistrate Judge reaffirmed that Relator would only be able to submit requests for production of documents "up to the limit previously established, or that may be agreed upon by Rolls-Royce." (Docket No. 179).

Later, an Amended Notice was served upon Defendant on June 2, 2011. (Memorandum in Support of Motion to Compel at Ex. 2). The Amended Notice also included a request that eight categories of documents be produced in conjunction with the 30(b)(6) depositions. (*Id.*).

After the Amended Notice was served, Defendant, through an email and via letter, both dated June 3, 2011, objected to the Amended Notice, arguing that it was served too late because it had been served only one business day before a scheduled 30(b)(6) deposition. (*See* Response in Opposition to Relator's Motion to Compel at Exs. 5-6). Defendant also reiterated that it was maintaining its objections to the portion of the Notice to Take Videotaped Rule 30(b)(6) Deposition (Ex. B) that sought the production of documents. (*Id.* at Ex. 5).

On June 6, 2011, Relator went forward with his first 30(b)(6) deposition, which was of one of Defendant's 30(b)(6) witnesses, David Alan Becker. (*See* Relator's Memorandum in Support of Motion to Compel at Exs. 4-5). During the 30(b)(6) deposition, Defendant's counsel objected to the Amended Notice and, pursuant to Rule 37.1 of the Local Rules of the United States District Court for the Southern District of Indiana, a discovery conference was conducted with this Magistrate Judge. During the discovery conference, the Magistrate Judge explained that, with respect to the amended notice, one business day is not generally enough notice to require a defendant to appear for a 30(b)(6) deposition. (*See* Magistrate Judge's Order on Unscheduled Discovery Conferences at Docket No. 225).

Relator filed this Motion to Compel Rule 30(b)(6) Discovery and Fourth Request for Production of Documents seeking to compel Defendant to more thoroughly respond "to Topics A2(d and e); A 4(c); and C and D which were not adequately covered by Rolls-Royce's 30(b)(6) witness, David Becker[,] in either of his two depositions." (Relator's Memorandum in Support of Motion to Compel at 3). Relator's Motion also seeks to compel the production of "30(b)(6) deposition documents which were requested by the notice," as well as documents requested in Relator's Fourth Request for Production of Documents. (*Id.*). Finally, Relator alleges that Defendant "made no effort to identify bates numbers of documents that were produced in response to particular paragraphs of Relator's 30(b)(6) deposition notice and 4th Production Request." (*Id.*).

The Magistrate Judge, being duly advised, now finds as follows:

**(a)  The Fourth Request for Production of Documents:**

The Magistrate Judge conducted a status/discovery conference in this matter on January 7, 2010. (Docket No. 155). Shortly thereafter, the Relator suggested certain corrections or additions to the discovery order. (See Docket No. 156). The Relator specifically requested that any limit on production requests be set at 40. (See *id.*, ¶ 3).

On March 4, 2010, the Magistrate Judge amended his prior discovery order and specifically incorporated the Relator's requested 40 limit on requests for production of documents in this case. (See Docket No. 158).

The record reflects that the Relator submitted a First Request for Production of Documents, which included 23 items; a Second Request for Production of Documents, seeking ten items; and a Third Request for Production of Documents, seeking nine categories of documents to be produced. Therefore, prior to submitting the Fourth Request for Production of Documents and seeking production of documents in connection with a 30(b)(6) deposition, Relator has exceeded the number of requests which this court had allowed.

The Relator had never sought leave of court to exceed the 40 requests limit prior to the September 1, 2011 deadline to complete discovery also established in this case.

The Magistrate Judge declines to extend the number of requests for production filed in this motion to compel at this late date. This case was filed in 2003. Its resolution has been delayed for several reasons, none of which can be attributed solely to the Relator's conduct in prosecuting the litigation. A significant period of delay was engendered when the United States took over two years to determine whether to intervene in the case. The complexity of a *qui tam* case and the very specific pleading requirements has engendered an appeal to the United States Court of Appeals. However, for whatever reason the delay has occurred, this case will involve attempting to litigate in 2012 actions taken by Defendant during the time period between 1994 and 2001 – 11 to 18 years in the past. The parties were given through September 1, 2011, to complete discovery – a period of 25 months from the date the case returned from the Seventh Circuit.

A *qui tam* case is a unique cause of action. It requires that the relator demonstrate that defendant has made a knowing and intentional misrepresentation in the presentation of a claim for payment to a federal agency. To recover, case law requires detailed pleading and proof of what amounts to fraudulent conduct on specific occasions.

The *qui tam* case is not designed to demonstrate whether defendant generally engaged in poor business practices or provided shoddy workmanship. Moreover, in order to recover, the Relator need *not* demonstrate that *every single invoice* submitted during a particular period of time was false. This Magistrate Judge believes that the beneficial purposes of the *qui tam* statute are served when the relator establishes that a finite and reasonable number of claims were falsely submitted. A verdict in the relator's favor will allow him to share in the monetary recovery for those specific false claims and will pay for his attorney's fees in bringing the action. To the extent that there is a recovery for these false claims, the verdict will alert the appropriate regulatory and contracting officials that a more detailed investigation into other contracts or actions to bar the defendant from participating in future federal contracts should be undertaken. The relief available to relator in a *qui tam* case will not include a judicial order restricting the defendant from further participation in federal contracts.

It is also important to note that this case will be resolved by jurors who likely have little knowledge of sophisticated engineering principles or the complex requirements of compliance with federal contracting standards. These

jurors will have a difficult enough task learning and understanding these concepts while analyzing a finite number of contractual documents and claims. The jurors' ability to perform their function will be significantly inhibited if they are asked to address a large number of contracts or are buried by huge amounts of data.

Therefore, because of the need to present reliable evidence when examining actions taken as long as 18 years ago and a concern that too many contracts and claims at issue will make the jurors' task too difficult, the Magistrate Judge believes that limits on contracts and time periods for trial and discovery purposes are mandated. The contracts named in the current Complaint are sufficient in number to allow Relator to demonstrate violation. The time period at issue does not encompass all the time Relator wishes to explore, but it is reasonable for demonstrating Rolls-Royce's violations, if any there be. These previously determined parameters will not be expanded in order to further the goals of maintaining the current trial date and giving the jurors a finite number of issues to address.

The Magistrate Judge believes that allowing further explanation and examination of additional data will unduly delay the parties' ability to address legal issues and prepare the case for trial, and Relator's motion seeking to compel responses to the Fourth Request for Production of Documents is denied.

**(b)     The Motion to Compel Further 30(b)(6) Testimony:**

**(1) Topic A(2)(d):**[2]  The motion to compel additional testimony is denied. In this case, the Relator has not demonstrated that Don Reinhart provided inadequate testimony with respect to this topic or that the appropriate questions were asked and refused to be answered by any other witness.

**(2) Topic A(4)(c):**  The Relator has not identified any specific question that counsel for Relator asked concerning this topic and which Mr. Becker did not address.  Without reference to specific questions and answers in the deposition, the court is unable to determine that Mr. Becker was not an appropriately designated witness to answer questions concerning this topic.  To the extent that he is alleged not to have adequately prepared for the deposition by not reviewing additional reports or materials, that matter has not been demonstrated by his testimony.  With respect to the argument that RMARs were not produced pursuant to the deposition notice, the court has previously concluded that, because these requests exceeded in number those previously authorized by the court, the failure to produce such additional documents prior to the deposition did not violate any prior court requirement.  Therefore, the motion to compel is denied.

---

[2]While Relator's motion cites to Topic A(2)(e), there is no specific argument about this topic in Relator's Memorandum in Support of Motion to Compel or in the proposed order.  Therefore, any request to compel further deposition testimony on this topic is waived, and the Motion to Compel is denied as to Topic A(2)(e).

**(3) Topic C(1):** The Relator in this case essentially wishes to require Defendant to produce DD250s/Invoices. There has been no showing that the Relator did not have an adequate opportunity to question Becker at the June 6 or September 1, 2011 depositions concerning how DD250s/Invoices were dealt with by Defendant generally. The motion to compel further testimony is denied.

**(4) Topic C(2):** The motion to compel is denied. Relator's Exhibit 5, page 294, line 9, through page 295, line 9, establishes that Defendant cannot provide the reports indicated. No further basis exists to compel further testimony.

**(5) Topic C(3):** The Magistrate Judge concludes that Mr. Becker's response at Exhibit 5, page 267, line 3, through page 272, line 15, adequately addresses the topic regarding contract certification of conformance requirement and that further questions were not asked which require additional response. The motion to compel is denied.

**(6) Topic C(4):** The Magistrate Judge concludes that Mr. Becker's response at Exhibit 5, page 295, line 10, through page 296, line 15, in addition to his testimony at Exhibit 4, page 185, line 7, through page 186, line 2, constitute a sufficient response. The motion to compel further testimony is denied.

**(7) Topic D(2):** The Magistrate Judge concludes that Defendant did adequately prepare Mr. Becker to address this topic. The Relator has pointed to no specific question for which Mr. Becker was unable to provide an appropriate answer. To the extent that this topic requires further production of documents,

such production was not mandated for the reasons described earlier in this order. The motion to compel is denied.

**(8) Topic D(3):** The Magistrate Judge concludes that Mr. Becker was not required to answer further questions with respect to this topic as they were posed to him on the date of his depositions. To the extent this topic seeks the production of additional documents, that production was not warranted for the reasons previously described in this entry. The motion to compel is denied.

## Conclusion

Therefore, for the reasons described above, the Motion to Compel Rule 30(b)(6) Discovery and Fourth Request for Production of Documents is **DENIED.**

**SO ORDERED.**

**Dated:** December 1, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana


**Electronic copies to:**

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Michael R. Brunelle
BARNES & THORNBURG LLP
mbrunelle@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Edward A. McConwell Sr.
MCCONWELL LAW OFFICES
ed@mcconwell.com

Koryn Michelle McHone
BARNES & THORNBURG LLP
kmchone@btlaw.com

Peter Abernethy Morse Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Joseph Striewe
joestriewe@striewelaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com