UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS J. LUSBY, ) | |
| UNITED STATES OF AMERICA ex rel. ) | |
| CURTIS J. LUSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:03-cv-00680-SEB-WGH |
| vs. ) | |
| ) | |
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING RELATOR'S MOTION FOR NEW TRIAL AND/OR ALTERING/AMENDING JUDGMENT**

This cause is before the Court on Relator's Motion for New Trial and/or Altering/Amending Judgment [Docket No. 343],[1] filed on October 22, 2012, pursuant to Rule 59 of the Federal Rules of Civil Procedure. The purpose of a Rule 59 motion "is to bring the court's attention to newly discovered evidence or a manifest error o[f] law or fact. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). It is not designed to "'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Bordelon*, 233 F.3d at 529 (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Here, Relator's motion does nothing more than seek to rehash arguments and evidence already presented to the district court on summary judgment. Although Relator has recast some of his arguments in his Rule 59 motion, it is well-recognized that Rule 59 is not a

---

[1] Relator moves generally under Rule 59 for "a new trial and/or altering/amending judgment." However, because there was no trial and thus no grounds for a new trial, we view Relator's motion as invoking Rule 59(e)'s "motion to alter or amend a judgment."

vehicle to retry one's case nor is it an opportunity for a second chance to reframe the same evidence and arguments presented on summary judgment. Relator does not offer any newly discovered evidence, cite to dispositive legal precedent, or point to a manifest error in the Court's analysis or opinion. Mere disagreement with the Court's ruling is insufficient grounds for a Rule 59 motion. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent.") (quotations and citation omitted). Accordingly, Relator's Motion is <u>DENIED</u>.

  IT IS SO ORDERED.

Date: _02/04/2013_____

                      *Sarah Evans Barker*
                      SARAH EVANS BARKER, JUDGE
                      United States District Court
                      Southern District of Indiana

Distribution:

Joseph Striewe
joestriewe@striwelaw.com

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Koryn Michelle McHone
BARNES & THORNBURG LLP
kmchone@btlaw.com

Michael R. Brunelle
BARNES & THORNBURG LLP
mbrunelle@btlaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com

Peter Abernethy Morse, Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Edward A. McConwell, Sr.
MCCONWELL LAW OFFICES
ed@mcconwell.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov