UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) | |
| CURTIS J. LUSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:03-cv-680- SEB-WGH |
| vs. ) | |
| ) | |
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PENDING MOTIONS**
(Docket Nos. 341, 342 & 351)

Now before the Court are Defendant's Bill of Costs (Docket No. 341), Plaintiff's first Motion to Stay Ruling on Defendant's Bill of Costs (Docket No. 342), and Plaintiff's second Motion to Stay Ruling on Defendant's Bill of Costs (Docket No. 351). For the reasons discussed below, we deny any further stay of a ruling on Defendant's Bill of Costs and award costs in favor of Defendant in the total amount of $57,282.16.

**I. PROCEDURAL HISTORY**

This case was filed on May 9, 2003. Following our grant of Defendant's motion for judgment on the pleadings and our subsequent entry denying Plaintiff leave to file an amended complaint based on the inadequacies of the proposed amended complaint, Plaintiff's appeal resulted in a reversal of our decisions and the case was remanded to us on July 22, 2009. At that point, the parties embarked upon discovery. Over the ensuing years, Defendant produced for Plaintiff's review a large volume of documents in both paper and electronic formats, and the lawyers conducted more than a dozen depositions. When discovery was completed, Defendant filed a motion for

summary judgment, and on September 24, 2012, we granted that motion, once again entering judgment in favor of Defendant.

On October 9, 2012, Defendant filed the Bill of Costs, which is now before us, seeking to recover from Plaintiff the cost of: (1) deposition transcripts necessarily obtained for use in the case; (2) copies of documents that could not be served via the Court's ECF system because they were under seal and had to served in paper format; and (3) electronic data discovery and production to Plaintiff. We did not immediately address Defendant's Bill of Costs because, days after it was filed, Plaintiff asserted that we had erred in granting Defendant's summary judgment motion, filed a Motion to Reconsider, and moved for a stay of any action on Defendant's Bill of Costs pending our ruling on his Motion to Reconsider.[1]

On February 4, 2013, we denied Plaintiff's Motion to Reconsider. Assuming that the deadline for his response to Defendant's Bill of Costs had been tolled in the meantime, Plaintiff filed his response in opposition to the pending Bill of Costs on February 18, 2013. On that same date, Plaintiff also filed a motion for the continued stay of any action on Defendant's Bill of Costs pending his appeal of our summary judgment ruling to the Seventh Circuit Court of Appeals.

## II. DISCUSSION

Fed. R. Civ. P. 54(b) provides a "presumption" that costs will be awarded to the prevailing party, but grants district courts discretion to direct otherwise. <u>Rivera v. City of Chicago</u>, 469 F.3d 631, 634 (7th Cir. 2006). A district court's decision to tax costs will not be reversed on appeal, absent "a clear abuse of discretion." <u>Northbrook Excess and Surplus Insurance Co., v. Proctor &</u>

---

[1] To date, we have not issued a specific ruling on Plaintiff's motion to stay filed at Docket No. 342. However, because we have deferred a ruling on Defendant's Bill of Costs, Plaintiff's motion to stay has, for all practical purposes, been granted. Accordingly, the Clerk shall cause the docket to show that the motion at Docket No. 342 is GRANTED.

Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991).

Plaintiff's appeal of our summary judgment ruling does not divest us of jurisdiction to address the issue of costs. A district court may award costs even while an appeal is pending because the matter of costs is an ancillary question, separately appealable from the merits of a case. Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7th Cir. 1994); Kusay v. U.S., 62 F.3d 192, 194 (7th Cir. 1995); Trustees of Chicago Truck Drivers Pension Fund v. Central Transport, Inc., 935 F.2d 114, 119 - 20 (7th Cir. 1991).

**A.      Plaintiff's Second Motion to Stay Ruling on Costs**

Plaintiff asks that we not rule on Defendant's Bill of Costs until after the Seventh Circuit Court of Appeals has resolved his second appeal. Implicit in his request is the notion that if his second appeal is successful, we will not have to reach the issue of costs because Defendant will no longer be the prevailing party in this litigation.

Defendant cites several unpublished district court rulings, including Baldauf v. Davidson, Inc., Case No. 1:04-cv-1571 TAB-JDT (S.D. Ind. March 14, 2008) decided by this Court, for the proposition that staying an award of costs pending an appeal is generally disfavored. Defendant observes that if the issue of costs is decided before Plaintiff's appeal of the merits has been fully briefed and argued, any appeal of our award of costs might be consolidated with the pending merits appeal, potentially saving time and judicial resources. See Terket v. Lund, 623 F.2d 29, 34 (7th Cir. 1980) (expressing a preference for district courts to resolve ancillary issues that might be consolidated with an appeal of the merits as a way to avoid piecemeal appeals).

Although we stayed our ruling on Defendant's original Bill of Costs filed on September 24, 2008 at Docket No. 121, pending the resolution of Plaintiff's first appeal, see Order at Docket No. 130, we are not persuaded that we should similarly stay a ruling on the Bill of Costs that is before

us now.[2] This case has been pending for nearly ten years now and further delaying a ruling on Defendant's Bill of Costs will serve only to unfairly prolong its final resolution. Moreover, Defendant is correct that if Plaintiff objects to our award of costs, he may seek to consolidate his appeal of the award with his pending appeal on the merits and, perhaps, save the parties the effort and expense of yet a third round of appellate briefing. See id.

**B.     Defendant's Bill of Costs**

Having reviewed Defendant's Bill of Costs, Plaintiff's response in opposition, and Defendant's reply, we find that Defendant is entitled to receive from Plaintiff the amount of $57,282.16 (the original amount requested less a deduction for the "draft" transcript of Mr. McCrocklin). We recognize that this award is substantial; at the same time, it is not out of line. In any event, the fact that Defendant's costs are significant is no reason to deny them. Defendant's request is in no way an overreach, nor does it reflect costs outside the scope of 28 U.S.C. § 1920. Further, the request has been supported by complete, reliable documentation and invoices verifying the costs.

We have carefully considered Plaintiff's objections to the nature of the costs sought to be recovered by Defendant, in particular, to the costs incurred in connection with the production of electronically stored information, but we do not find Plaintiff's objections to be meritorious. As Defendant points out in its briefings, we have awarded as costs the expense of producing electronically stored information in several other recent cases, and Plaintiff's objections are based largely on judicial decisions issued by courts in other districts and circuits, including the Eastern District of Missouri and the Ninth Circuit Courts of Appeals, which are contrary to the rulings

---

[2]     Defendant's original Bill of Costs was replaced or superseded by the Bill of Costs now before us.

within our Seventh Circuit.

### III.  CONCLUSION

For the above stated reasons, we DENY Plaintiff's Motion to Stay Ruling on Defendant's Bill of Costs at Docket No. 351, GRANT Defendant's Bill of Costs at Docket No. 341, and award Defendant costs in the amount of $57,282.16, which shall be reimbursed to Defendant forthwith by Plaintiff, Curtis J. Lusby, individually.

IT IS SO ORDERED.

Date:  04/17/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record